IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| INDEPENDENT MEDICAL SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL EXCEL MANAGEMENT, INC., <br><br> Defendant. | CASE NO: EP-19-CV-327 |

## NOTICE OF REMOVAL

Defendant, Global Excel Management, Inc. ("**Global**"), removes this action from the District Court of El Paso County, Texas, 243rd Judicial District, in accord with 28 U.S.C. § 1441. In support of removal, Global says:

1. **Removal Jurisdiction:**

   a. **9 U.S.C. § 5**

Under 28 U.S.C. § 205, a defendant may remove a civil action brought in state court if it relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**Convention**"). An arbitration agreement falls under the Convention when (1) there is an agreement in writing to arbitrate; (2) the agreement provides for arbitration in a territory that is a signatory to the Convention; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005). "So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances,

Congress created special removal rights to channel cases into federal court.'" *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir. 1991)).

The contract at issue in this case contains an arbitration agreement that falls under the Convention. The present dispute concerns a Network Access Agreement (the "**Agreement**"). The Agreement relates to the commercial relationship between Global and Independent Medical Systems, Ltd. ("**IMS**"). The contract contains a venue provision that requires all disputes, including arbitration, be held in El Paso, Texas. *Tiensch v. Plus SMS Holdings Ltd.*, A-09-CA-334 LY, 2009 WL 10669446, at *6 (W.D. Tex. June 25, 2009), *report and recommendation adopted,* A-09-CA-334-LY, 2009 WL 10669495 (W.D. Tex. Nov. 2, 2009) ("There is no requirement that the provision of a location be expressly stated in the clause."). The United States is a signatory to the Convention. *See Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Intern., Inc.*, 198 F.3d 88, 93 (2d Cir. 1999) ("[T]he United States . . . is a signatory to the Convention . . . ."). GEM is Canadian corporation with its principal place of business in Sherbrooke, Province of Quebec, Canada, and thus a citizen of Canada and not the United States.

This dispute "relates" to the arbitration agreement because the arbitration agreement could "conceivably affect the outcome of this case." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 862–63 (5th Cir. 2019); *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 378–79 (5th Cir. 2006) (If the "subject matter of the litigation has some connection, has some relation, has some reference to the arbitration clauses," it "relates to" the arbitration for purposes of the Convention.); *Beiser v. Weyler*, 284 F.3d 665, 671–72 (5th Cir. 2002) ("[A]s long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim."); *see, e.g., Tiensch*, 2009 WL 10669446, at *6 (finding that

because the employment relationship was governed by an employment contract containing an arbitration provision, the plaintiff's lawsuit arising out of the employment relationship "related to" the arbitration provision).

Accordingly, under 9 U.S.C. § 203, this action is deemed to arise under the laws and treaties of the United States, and original jurisdiction exists under 28 U.S.C. § 1331.

      b.      **Diversity Jurisdiction**

Further, the parties in this matter are citizens of a State and citizens or subjects of a foreign state, and the matter in controversy exceeds $75,000.00 in amount. According, original jurisdiction exists under 28 U.S.C. § 1332.

    2.    **Nature of Lawsuit:**  IMS has sued Global and alleges that Global breached its contract with IMS.

    3.    **Citizenship of the Parties:**  IMS is a limited partnership organized under the laws of the State of Texas. IMS's general partner, Rendall & Associates, Inc., is a corporation organized under the laws of the State of Texas with its principal place of business in Dallas, Texas. Based on a thorough and good faith review of publically available records (including business registrations and court dockets), upon information and belief, each of IMS's limited partners is a citizen of a State of the United States and has a principal place of business in a State of the United States. GEM is Canadian corporation with its principal place of business in Sherbrooke, Province of Quebec, Canada. Accordingly, there is complete diversity between the parties. *See* 28 U.S.C. §§ 1332(a) and (c).

    4.    **Amount in Controversy:**  IMS alleges that its damages are "more than $200,000.00," which satisfies the Court's jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

5. **Procedural Requisites to Removal:** Global has satisfied each of the procedural conditions to an effective removal:

   a. ***Removal to the Proper Court***: This Court is part of the district encompassing the place where the lawsuit was filed -- El Paso County, Texas. *See* 28 U.S.C. § 1446(a).

   b. ***Consent to Removal***: Global is the sole defendant in this action and no additional consent is required. *See* 28 U.S.C. § 1446(b)(2)(A).

   c. ***Removal is Timely***: This Notice of Removal is being filed with the United States District Court for the Western District of Texas within thirty days of Global's receipt of the summons and complaint. *See* 28 U.S.C. § 1446(b).

   d. ***Pleadings and Process***: Attached to this Notice as Exhibit "A" is a copy of all process, pleadings, and orders served upon Global in the state court action. *See* 28 U.S.C. § 1446(a).

   e. ***Notice***: Promptly upon the filing of this Notice of Removal with the District Court, the undersigned will serve on IMS and file with the El Paso County Clerk of Court a Notice of Filing Notice of Removal.

**WHEREFORE**, Defendant, Global Excel Management, Inc., removes this action to the United States District Court for the Western District of Texas.

    Respectfully submitted,

    GORDON DAVIS JOHNSON & SHANE P.C.
    4695 N. Mesa St.
    El Paso, TX  79912
    (915) 545-1133
    (915) 545-4433 (Fax)

By: <u>/S/ *Michael G. McLean*</u>
    **Michael G. McLean**
    State Bar No. 13748720
    Attorneys for Defendant

Christian C. Burden (*pro hac vice* application forthcoming)
Florida Bar No. 0065129
chris.burden@quarles.com
Zachary S. Foster (*pro hac vice* application forthcoming)
Florida Bar No. 111980
zachary.foster@quarles.com
**QUARLES & BRADY LLP**
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
nichole.perez@quarles.com
karen.wollitz@quarles.com
donna.santoro@quarles.com
docketfl@quarles.com
813/387-0300
FAX: 813/387-1800
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by U.S. mail and electronic mail on this __th day of November, 2019 to:

Clyde A. Pine, Esq.
MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79950-1977
pine@mgmsg.com
mirazo@mgmsg.com
*Attorneys for Plaintiff*

    <u>/S/ *Michael G. McLean*</u>
    Michael G. McLean